ALLEE v. JAMES.

(Supreme Court, Special Term, Kings County. May, 1910.)

1. CLUBS (§ 5*)—RIGHTS OF MEMBERS—EXAMINATION OF MEMBERSHIP ROLL.

    Under a provision of a club constitution that action taken by the executive and advisory committees, not affecting the club's finances or property, shall be final, a member is not entitled to access to the membership roll, where such right is denied by the officers and committees pursuant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to a general policy; the member's rights being limited by the agreement under which the club was formed, as shown by the constitution and by-laws. ·

[Ed. Note.—For other ,cases, see Clubs, Dec. Dig. § 5.*]

2. CLUBS (§ 4*)—CONSTITUTIONAL PROVISIONS—VALIDITY.

A provision of a club constitution that action taken by the executive and advisory committees, not affecting the club's finances or property, shall be final, binds all the members, and is reasonable and lawful.

[Ed. Note.—For other cases, see Clubs, Cent. Dig. § 4; Dec. Dig. § 4.*]

3. ASSOCIATIONS (§ 7*)—REGULATION—JUDICIAL POWER.

A policy of voluntary associations, not illegal nor violative of a member's property rights, is not subject to judicial regulation.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 7; Dec. Dig. § 7.*]

4. CLUBS (§ 5*)—RIGHTS OF MEMBERS—JUDICIAL ENFORCEMENT—PREREQUISITES.

Exhaustion of a club member's remedy under its constitution and by-laws is a prerequisite to a judicial enforcement of his personal rights.

[Ed. Note.—For other cases, see Clubs, Dec. Dig. § 5.*]

Suit by Joseph B. Allee against Darwin R. James. Judgment for defendant.

James A. Allen, for plaintiff.
George F. Allison, for defendant.

GARRETSON, J. The defendant is the president· of a voluntary unincorporated association, and the plaintiff is a member thereof. The plaintiff seeks to obtain a copy of the roll of membership of the club, and alleges that the club, through its officers and executive and advisory committees, has denied to him access thereto. It may be assumed that the plaintiff's motives are laudable and that he is acting in good faith. The same may be said of the officers and committees referred to, for there is no evidence to the contrary, whatever may have been the imputations suggested.

The simple question presented herein is this: Is the plaintiff, as a matter of right, entitled to access to the roll of membership as against the refusal of the officers and committees, acting under the constitution and by-laws of the club, to allow the same? This question is purely personal to the plaintiff, arising from the fact of membership solely; for no property right is involved, and no allegation or proof indicates fraud or improper conduct on the part of the defendant and those represented by him, in. violation or disregard of the plaintiff's rights. Such being the facts and the position of the parties, the principles of law applied in Matter of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461, have no application, either directly or by analogy. I think the plaintiff's rights are limited by the agreement under which he and all other members of the club are associated, in promotion of its objects and purposes; the agreement being in this case the constitution and by-laws.

It appears that the denial of access to the rolls has been made in pursuance of a general policy of the officers and the committees, and

is now sought to be maintained by definite action taken by them under article 3 of the constitution, which, among other things, provides that:

"Any action taken at a properly constituted joint meeting of the executive and advisory committees, which does not affect the finances or property of the club, shall be final."

The provision quoted is obligatory on all of the members, including the plaintiff, violates no law of the state, and is not unreasonable. If it bars the efforts of the plaintiff, his only remedy would seem to be that which the constitution and by-laws provide—a change in the organic law, or the election of officials whose views will be more in harmony with his own, or both. Ostrom v. Greene, 161 N. Y., at page 362, 55 N. E. 919. The courts will not undertake to regulate the policy of voluntary associations, when not in contravention of law or in derogation of a member's rights of property. It has been said that:

"A member of a corporation may so hedge himself in by agreement as to yield the protection which one seeks in the ordinary affairs of life, and enlarge the authority that may be used against him." In re Haebler v. N. Y. Produce Exchange, 149 N. Y., at page 427, 44 N. E. 87.

Equally, if not more so, is this the effect of binding one's self by the agreement of membership in a voluntary association, particularly when its constitution and by-laws constituting such agreement are neither in object or operation in conflict with the law. The record does not disclose, nor is it alleged, that plaintiff has been denied a right existing under the constitution and by-laws, nor does he show that he has resorted thereto and exhausted his remedy thereunder. This is an essential prerequisite before coming into equity or having recourse to law.

If the foregoing views are correct, as I believe them to be, it follows that the plaintiff must be denied the relief prayed for, and that a mandatory injunction cannot be issued to compel the officers and committees of the club to give the plaintiff access to the rolls of membership.

Judgment for defendant, dismissing the plaintiff's complaint on the merits, with costs.